| Minute Order Form (06/97) | United States District Court, Northern District of Illinois | | | |
|---|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | | |
| **CASE NUMBER** | 99 C 8022 | **DATE** | 10/7/2003 | |
| **CASE TITLE** | | Patrick vs. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The petitioner's petition for a writ of habeas corpus is denied. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 08 2003 | |
| | Notified counsel by telephone. | | date docketed | 30 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/7/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
DEON PATRICK, )
 )
 )
Petitioner, )
 )
v. ) No. 99 C 8022
 )
KENNETH R. BRILEY, )
 )
Respondent. )

MEMORANDUM OPINION AND ORDER

Petitioner Deon Patrick was convicted of two counts of first-degree murder, two counts of home invasion, and one count of armed robbery in the Circuit Court of Cook County. He was sentenced to two concurrent terms of natural life for murder, 30 years for home invasion, and 30 years for armed robbery. Mr. Patrick appealed, and the Illinois appellate court affirmed the convictions and sentences on July 7, 1998. Mr. Patrick then filed a petition for leave to appeal ("PLA") to the Supreme Court of Illinois, which was denied on December 2, 1998. Next, Mr. Patrick filed a petition for post-conviction relief in the Circuit Court of Cook County on June 2, 1999, but the court dismissed that petition as untimely on June 23, 1999. The Illinois appellate court agreed, and affirmed the dismissal on March 15, 2002. Mr. Patrick did not seek leave to appeal the appellate court's decision, and the time for him to do so has passed.

On December 3, 1999, Mr. Patrick filed the instant petition for a writ of habeas corpus, but asked to stay the proceedings. The stay was lifted on April 11, 2003, whereupon the respondent answered the petition. Mr. Patrick's petition raises five claims, all of which are either non-cognizable or procedurally defaulted. The petition for a writ of habeas corpus is DENIED.

Habeas corpus review is limited to claims that a petitioner's custody violates the Constitution, laws, or treaties of the United States. *Bloyer v. Peters*, 5 F.3d 1093, 1098 (7th Cir. 1993). Further, in order to preserve an issue for habeas corpus review, a petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A prisoner may overcome this procedural bar if he can demonstrate good cause for his failure to fully raise the issue in state court and actual prejudice suffered from the asserted errors. *Id.* at 854. I may also review procedurally barred claims if the prisoner can show that the alleged constitutional violation probably caused the conviction of an innocent person, and the federal court's refusal to review the claim would thus result in a fundamental miscarriage of justice. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995); *Id.* at 854.

Mr. Patrick's first claim is that his conviction should be reversed because irrelevant and prejudicial evidence about his gang

2

affiliation was introduced at trial. In particular, Mr. Patrick objects to a number of damning statements the prosecutor was permitted to make concerning Mr. Patrick's "career" in a gang and his "bad" character. Mr. Patrick included this claim in his direct appeal and included a version of it in his PLA (wherein he alleged that the prosecution impermissibly portrayed "the police as the 'good guys' and the defendant as one of the 'bad guys.'") However, although the claim has been preserved for review, the admission of evidence is a matter of state law. A federal court may grant habeas relief on such a claim only when a state evidentiary ruling violates the defendant's right to due process by denying him a fundamentally fair trial. *Haas v. Abrahamson*, 910 F.2d 384, 389 (7th Cir. 1990). In other words, "the error must have produced a significant likelihood that an innocent person was convicted. Indeed, because of this high standard, evidentiary questions are generally not subject to review in habeas corpus proceedings." *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001). I agree with the Appellate Court of Illinois, which commented that the prosecutor made remarks at Mr. Patrick's trial that were "erroneous and inappropriate," *Illinois v. Patrick*, 298 Ill. App. 3d 16, 28 (1998), but I also agree with that court's conclusion that in light of the overwhelming evidence against Mr. Patrick, especially his confession that he shot one victim in the head, the admission of

the prosecutor's statements was harmless error which did not affect the outcome of the trial. This claim fails.

Mr. Patrick's second claim is that the state "improperly impeached its own witness, and then argued that impeachment as substantive evidence." Pet. for Writ of Habeas Corpus, III. B. The Appellate Court of Illinois addressed this argument and found that it had been waived because the defendant neither objected at trial nor alleged the error in his post-trial motion. *Patrick*, 298 Ill. App. 3d at 28. This procedural waiver in state court constitutes an independent and adequate state ground for rejection of the argument, and thus I cannot reach the merits of the underlying question. *See Aliwoli v. Gilmore*, 127 F.3d 632, 634 (7th Cir. 1997). The second claim fails as well.

Mr. Patrick has properly preserved his third claim for habeas review by raising it in both his first appeal and his PLA. However, like the first claim, it concerns a state evidentiary ruling, which I may only review if the erroneous ruling so prejudiced the defendant that he was denied a fair trial. *Anderson*, 243 F.3d at 1053. While Mr. Patrick's attorney was questioning a detective at trial, the detective gave a nonresponsive answer telling the jury that Mr. Patrick had been named by others as the perpetrator of the double homicide. The judge immediately sustained defense counsel's objection and instructed the jury to disregard the question and answer. *Patrick*, 298 Ill. App. 3d at 29. I agree with the Illinois

Appellate Court's analysis of this problem. "An instruction to disregard evidence ordinarily cures error in its admission, particularly when the improper testimony is not directly responsive to the question and it is promptly stricken." *Id.* at 30. In light of the other evidence against Mr. Patrick, particularly his confession, I cannot say that the outcome of the trial might have been different but for the introduction of this impermissible evidence. *Anderson*, 243 F.3d at 1053. Therefore, the third claim fails.

Mr. Patrick's fourth and fifth claims are barred because he failed to raise them in his PLA. *O'Sullivan*, 526 U.S. at 845. He argues that the admission of evidence that one of the victims had been beaten prior to the murder constituted reversible error and that the total evidence presented was not sufficient to prove him guilty beyond a reasonable doubt. Mr. Patrick makes no attempt in his present petition to show cause and prejudice for the omission of these claims from his PLA. Nor does he argue that he is actually innocent and that refusing to review his claim would be fundamentally unjust. Thus, the petition is denied as to these claims as well.

ENTER ORDER

*Elaine L. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: October 7, 2003